# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

KATHRYNN ELIZABETH BRYNN,

       Defendant-Appellant.

UNPUBLISHED
June 12, 2018

No. 337481
Oakland Circuit Court
LC No. 2016-257301-FH

Before: CAVANAGH, P.J., and STEPHENS and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted her plea-based conviction of operating while intoxicated, third offense, MCL 257.625(1) and (9),[1] challenging her departure sentence of 18 months to 5 years' imprisonment. We vacate defendant's sentence and remand for resentencing.

In November 2015, defendant was stopped by the police for driving 64 miles per hour in a 50-mile-per-hour zone. After the officer smelled intoxicants, defendant was given two sobriety tests and she failed one. A blood draw was conducted and her blood alcohol content was 0.289. Subsequently, defendant pleaded guilty to one count of operating while intoxicated, third offense. The recommended minimum sentencing guidelines range was 0 to 6 months' imprisonment. However, while awaiting sentencing and within two weeks of pleading guilty, defendant acquired another drunken driving charge to which she also pleaded guilty. At sentencing for this matter, the trial court was advised about the new drunken driving charge and sentenced defendant to 18 months to five years' imprisonment. The court stated that it was exceeding the advisory guidelines because defendant was a danger to herself and to the community. Further, the court noted, probation was clearly not going to work for defendant who needed to be punished and the community needed to be protected.

On appeal, defendant argues that she is entitled to resentencing because the reasons supporting the trial court's departure sentence were insufficient and the trial court did not explain the extent of the departure sentence.

---

[1] *People v Brynn*, unpublished order of the Court of Appeals, entered May 1, 2017 (Docket No. 337481).

This Court reviews a sentence that departs from the applicable advisory guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). When reviewing a sentence for reasonableness, the proper inquiry is whether the trial court abused its discretion by imposing a sentence that violates the principle of proportionality, i.e., a sentence that is not " ' proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). The principle of proportionality demands that the " 'sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse*, 500 Mich at 472, quoting *Milbourn*, 435 Mich at 661. Factors that may be considered under the proportionality standard include (1) the seriousness of the offense, (2) factors inadequately considered by the guidelines, and (3) factors not considered by the guidelines, including the defendant's potential for rehabilitation. *People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (citation omitted).

Defendant argues that in rendering her departure sentence the trial court engaged in a sentencing analysis that was unfair and unreasonable because the court relied on the fact that defendant acquired a new drunken driving charge while awaiting sentencing in this case. Defendant admits that the new drunken driving charge was not taken into consideration when the guidelines were scored, but claims that even if it had been, the guidelines range would have been 0 to 11 months, which was still less than the 18-month sentence rendered. However, the trial court was clearly permitted to consider the fact that within two weeks of pleading guilty to operating while intoxicated, third offense, defendant was again drinking and driving a motor vehicle. "Misbehavior after arrest is clearly a legitimate factor to consider at sentencing." *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995). The court also recognized that the additional drunken driving charge would constitute a second drunk driving felony, illustrating that defendant was a danger not only to herself, but to the community. And it is plain that, considering the timing of the new drunken driving charge, the court concluded that defendant did not take this matter seriously and had a limited rehabilitation potential. We conclude that the factors considered by the trial court in rendering its departure sentence were proper and supported its departure decision.

When a trial court departs from the sentencing guidelines we must evaluate not only whether reasons exist to support departure, but also whether the extent of the departure satisfies the principle of proportionality. As the *Milbourn* Court noted, the extent of a departure may constitute a violation of the principle of proportionality because *"[t]oo frequently reasons are given for a sentence that apply equally to a lesser or greater sentence unless an explanation is offered on the record for the specific sentence given."* *Milbourn*, 435 Mich at 659-660 (quotation marks and citation omitted; emphasis in original). Thus, "[a] sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). Accordingly, to aid appellate review, a trial court must explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. at 311. In this case, the trial court failed to articulate why the minimum sentence of 18 months' imprisonment was more proportionate under the circumstances than a different sentence would have been. Accordingly, we must vacate defendant's departure sentence and remand for resentencing. See *Steanhouse*, 500 Mich at 476.

       Defendant's sentence is vacated and this matter is remanded for resentencing. We do not retain jurisdiction.


                              /s/ Mark J. Cavanagh
                              /s/ Cynthia Diane Stephens